# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV120-MR-DSC

| | |
|---|---|
| GWEN HERNDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>            )<br>TIAA-CREF INDIVIDUAL & )<br>INSTITUTIONAL SERVICES, )<br>LLC d/b/a TIAA-CREF, or )<br>UNKNOWN CORPORATION )<br>d/b/a TIAA-CREF, )<br>)<br>Defendant. )<br>            ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss" (document #5) and "Memorandum of Law in Support of Its Motion to Dismiss" (document #6), both filed April 21, 2009; and the Plaintiff's "Response to Motion to Dismiss and Memorandum" (document #8) filed May 7, 2009. On May 20, 2009, Defendant filed its "Reply Brief in Further Support of Its Motion to Dismiss" (document #10).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Gwen Herndon ("Plaintiff") filed this action against Defendant TIAA-CREF

Individual & Institutional Services, LLC ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. and North Carolina public policy. Accepting the allegations of the Complaint as true, as we must at this early stage in the proceeding, Plaintiff began employment in 2004 as a Pension Products Associate for the Defendant. In October 2006, Plaintiff requested intermittent medical leave under the FMLA for a serious health condition. This request was granted. During November, Plaintiff missed approximately 47.5 hours of work due to her serious medical condition. On November 28, Plaintiff requested full-time medical leave under the FMLA to begin on November 29, 2006. This request was granted. On December 8, 2006, Plaintiff attempted to return to work but was unable to continue due to her serious medical condition and again requested FMLA leave on December 18, 2006. This request was again granted. On January 18, 2007, Plaintiff's manager, Benji Motte, notified Plaintiff that she had not called in or reported to work on January 16, 17 or 18. He advised her that this was regarded as a resignation and that her employment with Defendant was terminated. On February 8, 2007, Plaintiff faxed Defendant a letter from her physician stating a return to work date of February 14, 2007. On February 14, Plaintiff attempted to return to work and was told by a guard that she was not allowed to enter the building. On February 15, Motte sent a letter to Plaintiff stating that Defendant had received the return to work letter and that Plaintiff was being placed on leave with pay while her attendance since November 7, 2006 was reviewed. On February 20, Plaintiff's manager, Denise Du Buske, notified Plaintiff that the FMLA designation had been removed from several November dates of absence and that if her Short Term Disability application was approved for November 28 through December 8, 2006 and December 18, 2006 through February 13, 2007, the approved portions of leave would be designated as FMLA leave. Plaintiff alleges that Defendant failed to

advise her what she needed to do to return to work and refused to restore her to her previous position or an equivalent position. Plaintiff alleges that on April 2, 2007, without ever being allowed to return to work, Defendant terminated Plaintiff. In June 2008, after an initial denial of Plaintiff's short term disability, Plaintiff was granted short term disability for the period from November 29, 2006 to February 28, 2007. Plaintiff alleges that at no time since June 2008 has Defendant offered to return Plaintiff to her previous position.

On February 12, 2009, Plaintiff filed her Complaint in the Superior Court of Mecklenburg County, North Carolina alleging wrongful discharge in violation of public policy (Count 1) and violations of FMLA (Count 2). On March 26, 2009, Defendant removed the State Court action to this Court, alleging federal question jurisdiction. Removal has not been challenged and appears to be proper. On April 21, 2009, Defendant filed the subject "Motion to Dismiss," which has been fully briefed and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIM

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

As a general rule, a plaintiff's complaint need only provide a short statement in plain English of the legal claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007) (internal quotation marks omitted); Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief. Twombly, 550 U.S. at 555-56. A complaint must do more than merely "*avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Wrongful Discharge in Violation of Public Policy (Count I)

Defendant moves that Plaintiff's public policy claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because this claim is not a cognizable cause of action under North Carolina law. Defendant argues that the FMLA is not a North Carolina public policy and consequently, Plaintiff has failed to state a claim for wrongful discharge in violation of any North Carolina public policy. Plaintiff contends that the FMLA should be considered the public policy of North Carolina and that a discharge claim under the FMLA is a claim for wrongful termination in violation of public policy.

North Carolina is an employment "at will" state, meaning that employees can be fired at any time and for any reason, or even no reason, by an employer. Coman v. Thomas Mfg. Co., 325 N.C.

4

172, 175, 381 S.E.2d 445, 446 (1989). However, there is a limited public policy exception to the "at will" rule which states that "there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy." Id. at 175, 381 S.E.2d at 447. Courts define public policy as "the principle of law that holds no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." Johnson v. Mayo Yarns, Inc., 126 N.C.App. 292, 296, 484 S.E.2d 840, 842-43 (1997). This limited exception "is applicable where (1) the public policy of North Carolina is clearly expressed within our general statutes or state constitution, or (2) potential harm to the public is created by defendant's unlawful actions." McDonnell v. Guilford County Tradewind Airlines, 670 S.E.2d 302, 306 (N.C. App. 2009).

Federal courts applying North Carolina law have refused to hold that a termination that violates the FMLA also violates North Carolina public policy. See Baucom v. Cabarrus Eye Center, No. 1:06CV00209, 2007 WL 1074663, at *7 (M.D.N.C. Apr. 4, 2007) (holding "that without express guidance from the North Carolina courts or legislature, the court will not expand the public policy exception to the at-will employment doctrine to cover FMLA violations."); Brewer v. Jefferson-Pilot Standard Life Ins. Co., 333 F. Supp.2d 433, 438-39 (M.D.N.C. 2004) ("[T]his Court declines to hold that a violation of the FMLA creates a public policy exception to at-will employment."); Buser v. Southern Food Service, Inc., 73 F. Supp.2d 556, 566-67 (M.D.N.C. 1999) ("While discharging an employee who has taken a valid leave of absence pursuant to the FMLA raises serious concerns. . . , the Court nonetheless declines to hold, in the absence of North Carolina precedent, that this rises to the level of a public policy concern to justify creating a new and distinct Coman claim.").

Because the established precedent holds that violations of the FMLA do not create a public policy exception to at-will employment, Plaintiff has failed to state a claim and the undersigned

5

respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>.

## III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #5) be **GRANTED**.

## IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States v. Rice</u>, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to <u>de novo</u> review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Martin Reidinger.</u>

**SO RECOMMENDED.**

Signed: May 26, 2009

David S. Cayer
United States Magistrate Judge