# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09cv120

| | |
|---|---|
| **GWEN HERNDON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **TIAA-CREF INDIVIDUAL &** ) | |
| **INSTITUTIONAL SERVICES, LLC** ) | |
| **d/b/a TIAA-CREF, or UNKNOWN** ) | |
| **CORPORATION d/b/a TIAAA-CREF,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Objections [Doc. 12] to the Memorandum and Recommendation [Doc. 11] of the Honorable David S. Cayer, United States Magistrate Judge, regarding the disposition of the Defendant's Motion to Dismiss [Doc. 5].

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On February 12, 2009, the Plaintiff Gwen Herndon filed this action in the Mecklenburg County General Court of Justice, Superior Court Division, against the Defendant TIAA-CREF Individual & Institutional Services, LLC,

alleging wrongful discharge in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and North Carolina public policy. [Doc. 1-2]. The Defendant timely removed the action to this Court on the grounds of federal question jurisdiction. [Doc. 1]. Thereafter, on April 21, 2009, the Defendant filed a Motion to Dismiss Count One of the Plaintiff's Complaint on the grounds that an alleged FMLA violation cannot be the predicate for a claim for wrongful discharge in violation of North Carolina public policy. [Doc. 5].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Defendant's Motion to Dismiss [Doc. 5] was referred to the Magistrate Judge for a recommendation of disposition. On May 26, 2009, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 11] regarding the Defendant's motion. Noting that "established precedent holds that violations of the FMLA do not create a public policy exception to at-will employment," the Magistrate Judge concluded that the Plaintiff had failed to state a claim for wrongful discharge under North Carolina law and therefore recommended the dismissal of this claim. [Doc. 11 at 5-6].

The Plaintiff timely filed Objections to the Memorandum and Recommendation on June 10, 2009. After receiving an extension of time to

do so [see Doc. 14], the Defendant filed a Response to the Plaintiff's Objections on July 10, 2009. [Doc. 15]. Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objections is made." 28 U.S.C. § 636(b)(1)(C). Such objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert. denied, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no proper objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

## III. ANALYSIS

The Plaintiff objects to the Magistrate Judge's Memorandum and Recommendation on the grounds that the Magistrate Judge failed to cite any "actual precedent" for his conclusion that the North Carolina courts would not recognize the FMLA as the public policy of North Carolina. [Doc. 12 at 1].

Specifically, she contends that the federal district court cases cited by the Magistrate Judge have no precedential value. She further argues that the Magistrate Judge's reliance upon McDonnell v. Guilford County Tradewind Airlines, Inc., 670 S.E.2d 302 (N.C. Ct. App.), disc. rev. denied, 363 N.C. 128, 675 S.E.2d 657 (2009), was misplaced because that case did not involve the FMLA. [Id. at 1-2]. The Court finds no merit in either of the Plaintiff's arguments.

In concluding that the Plaintiff failed to state a claim under North Carolina law, the Magistrate Judge cited three cases in which the Middle District of North Carolina held that violations of the FMLA do not create a public policy exception to at-will employment under North Carolina law. See Brewer v. Jefferson-Pilot Standard Life Ins. Co., 333 F.Supp.2d 433, 439 (M.D.N.C. 2004); Buser v. So. Food Serv., Inc., 73 F.Supp.2d 556, 566 (M.D.N.C. 1999); Baucom v. Cabarrus Eye Center, P.A., No. 1:06CV00209, 2007 WL 1074663, at *7 (M.D.N.C. Apr. 4, 2007). While these decisions are certainly not binding on this Court, they are well-reasoned, and the Court finds them to be persuasive precedent. Accordingly, the Court concludes that the Magistrate Judge did not err in adopting the reasoning of these decisions.

The Court further finds no error in the Magistrate Judge's reliance on the McDonnell decision. In that case, the North Carolina Court of Appeals declined to find that a federal aviation regulation constituted an express statement of North Carolina public policy. McDonnell, 670 S.E.2d at 306. While McDonnell does not involve the application of the FMLA, it is nevertheless analogous to the present case. Accordingly, the Magistrate Judge did not err in finding the reasoning of McDonnell to be relevant and persuasive.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 11] that the Defendant's Motion to Dismiss [Doc. 5] be granted.

## IV. CONCLUSION

For the reasons stated herein, **IT IS, THEREFORE, ORDERED** the Plaintiff's Objections [Doc. 12] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 11] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**, and Count One of the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 5, 2009

Martin Reidinger
United States District Judge